**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2167-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TAMASA T. NOBLES,

    Defendant-Appellant.

_____

Submitted June 3, 2026 – Decided June 24, 2026

Before Judges Smith and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 13-05-1391.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Matthew T. Mills, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tamasa T. Nobles appeals from the March 11, 2025 Law Division order denying her second petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

I.

In connection with a domestic violence incident involving her former boyfriend, Devon Devine, defendant stabbed and killed him. She was indicted for first-degree murder, N.J.S.A. 2C:11-3(a), and two weapons possession offenses, N.J.S.A. 2C:39-4(d) and N.J.S.A. 2C:39-5(d). Under a negotiated plea agreement, defendant pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(e), in exchange for a prison term capped at twenty-two years. At defendant's sentencing, the trial court found aggravating factors three and nine, N.J.S.A. 2C:44-1(a)(3) and (9). The court also considered defendant's argument that mitigating factors one through eleven, N.J.S.A. 2C:44-1(b)(1) to (11), applied. Ultimately, the court held only mitigating factors three, four, seven, eight, nine, and eleven were present. After weighing aggravating and mitigating factors, the trial court sentenced defendant to a twenty-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant appealed the sentence. We affirmed, concluding the twenty-year term was neither "manifestly excessive" nor

2

"unduly punitive." State v. Nobles, No. A-0368-14 (App. Div. March 10, 2015) (slip. op. at 1).

On July 15, 2013, defendant filed her first PCR petition. The PCR court denied the application on August 23, 2016, after considering defendant's arguments, specifically that her trial counsel failed to raise either self-defense or battered person syndrome as a defense. We affirmed. State v. Nobles, No. 0375-16 (App. Div. July 19, 2018).

On March 11, 2024, defendant filed her second PCR application, asserting she was denied the effective assistance of her first PCR ("PCR I") counsel and her due process rights were violated. She contends PCR I counsel did not raise the issue that trial counsel failed to adequately argue for the application of mitigating factor four during her sentencing. Specifically, defendant maintains her serious mental health issues were never properly presented nor articulated at sentencing. She argues this deficiency triggered both substantive prongs of the Strickland/Fritz[1] test.

---

[1] Strickland v. Washington, 466 U.S. 668, 694 (1986); State v. Fritz, 105 N.J. 42, 58 (1987). This test requires a PCR court to assess (1) whether counsel's performance was deficient, and (2) whether there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

A-2167-24

In a thorough twenty-one-page opinion, Judge Pamela D'Arcy addressed both the procedural timing and substantive aspects of defendant's application. Judge D'Arcy ultimately determined the petition was not only time-barred, but also lacked substantive merit because defendant failed to demonstrate disputed facts or a prima facie case of ineffective assistance of counsel. Consequently, Judge D'Arcy concluded an evidentiary hearing was unnecessary.

On appeal, defendant raises a single issue for our consideration:

> [Defendant] is entitled to an evidentiary hearing on her claim that her PCR I attorney rendered ineffective assistance of counsel by failing to raise the issue that trial counsel was ineffective for failing to argue adequately for mitigating factor four at sentencing.

II.

Our Supreme Court recently reaffirmed our role in reviewing PCR petitions. "Our review of a PCR court's factual findings is 'necessarily deferential.' However, we review a PCR court's legal conclusions de novo." State v. Hernandez-Peralta, 261 N.J. 231, 246 (2025) (first quoting State v. Nash, 212 N.J. 518, 540 (2013); and then citing State v. Harris, 181 N.J. 391, 419 (2004)). Absent an evidentiary hearing, we review de novo both the factual inferences drawn from the record by the PCR judge and that judge's

4

legal conclusions. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020).

Our court rules and case law both state that a valid, second PCR petition must be based on one of three specific circumstances and must be filed within one year of when those grounds arose. See R. 3:22-4(b); R. 3:22-12(a)(2); State v. Jackson, 454 N.J. Super. 284, 292-93 (App. Div. 2018). In that regard, Rule 3:22-12(a)(2) requires a second or subsequent PCR petition be filed within one year of (1) a new constitutional change that would apply to defendant's convictions; (2) newly discovered facts; or (3) the denial of the first PCR petition, if defendant claims that his or her first PCR counsel was ineffective. Rule 3:22-12(a)(2) then mandates that "no second or subsequent petition shall be filed more than one year after the latest of" those three limited circumstances. Subsection (b) substantially limits relaxation of that prohibition. R. 3:22-12(b).

We have held that the time-limit set out in Rule 3:22-12(a)(2) must be strictly enforced. Jackson, 454 N.J. Super. at 292; See also State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018) (holding that the time limit that applies to a first PCR petition must also be strictly enforced and cannot be relaxed without a showing of excusable neglect). Defendant's first PCR

petition was decided on August 23, 2016, almost seven years after her first application was decided. She provides neither an explanation nor competent evidence to explain or justify the delay. Given the one-year time constraint imposed on subsequent PCR petitions, we conclude defendant's second petition is out of time.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hawley*

Clerk of the Appellate Division

A-2167-24